IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DONALD A. BRYANT,                              *
                                               *
                    Plaintiff,                 *
vs.                                            *          No. 4:10cv002039 SWW
                                               *
                                               *
TEXAS LOTTERY COMMISSION,                      *
INTERNAL REVENUE SERVICE, and                  *
DEPARTMENT OF TREASURY,                        *
                                               *
                    Defendants.                *

ORDER

Pro se plaintiff Donald A. Bryant brings this action against defendants Texas Lottery

Commission, Internal Revenue Service (IRS), and the Department of treasury asserting the

following (as it appears in his complaint):

> Venue and factual basic of lawsuit-January of 2000 at Little Rock, Arkansas
> IRS/Department of Treasury over Taxed using **cause 26:2749 tax -jeopardy
> assessment** and in 2007 took $77,000 from house sale using stock bartering stock
> exchange which IRS recognize as fraud. Process occurred from December 31,
> 1999 to present date for A. Clay General and Bryant and Clay Limited
> Partnership and Partners Alice and Willie Clay, Donald A. Bryant and Dale
> Bryant. The recording system using decimal out is what created assessment which
> requesting the decimal to be imputed on all the above to correct.

> **Tax evasion** due to 28% federal and 70/0 state tax withholding taxes not being
> paid in to the IRS/Department of Treasury which cause tax jeopardy to the IRS by
> Texas Lottery on December 31, 2000.  $7 million was with-held on the $23 m-
> winner ticket.  Masterfile show different.  Exhibits 1-10

**Relief Sought**

> For an injunction order given to Texas Lottery to produce said balance of $22.9
> million with interest as of today and IRS/Department of Treasury to make
> Administration adjustment for December 31, 1999 to present day for A. Clay
> General and Bryant and Clay Limited Partnership and Partners Alice and Willie
> Clay, Donald A. Bryant and Dale Bryant and return money taken from form file
> 8082 in letter stating they would correct which hasn't been complied with, in a

good faith effort on December 15, 2010 notified said Defendant with a intent to sue letter with no response. Requesting punitive damages and all other entitled to that has occurred in the past 5 years. A jury trail is requested if hearing doesn't resolve. In support of this complaint on December 22, 2010 I certified that all parties received certified mail copies of Complaint, Summons in a Civil Action, Subpoena to Appear and Testify at a hearing at a civil action and Subpoena to produce documents in a civil action by Donald Bryant Subscribed and Sworn on before me, Notary Public, for and within the Pulaski County and Arkansas State aforesaid, on this 22 day of December 2010.

Along with his complaint, plaintiff filed a motion for leave to proceed in forma pauperis (IFP) [doc.#1] and a motion for the appointment of counsel [doc.#3].

Plaintiff has also filed a "Motion for order to serve Subpoenas, Hearing set for January 10th 2011 with injunctive order to produce Records" [doc.#5].  With this motion, plaintiff requests *inter alia* that defendants produce his entire tax records from 1999 to the present.[1]

The Court notes that plaintiff has filed previous actions against the IRS and the Department of Treasury complaining about the "recording system using decimal out" and seeking his tax records and "administrative adjustments" concerning lottery winnings he states was awarded from the Texas Lottery Commission, essentially the same relief sought in this action.  *See Bryant v. Internal Revenue Commission*, No. 4:09cv00293-JMM; *Bryant v. Internal Revenue Service*, No. 4:09cv00941-BSM; *Bryant v. Internal Revenue Service et al*., No. 4:10cv01175-JLH; and *Bryant v. Internal Revcenue Service et al.*, No. 4:10cv1978-BSM. Because the issues and allegations raised by plaintiff's complaint were or could have been decided in these previous actions, the doctrines of issue preclusion and/or claim preclusion demand that plaintiff's motion for leave to proceed IFP [doc.#1], his motion for the appointment

---

[1] Plaintiff refers to a "Hearing set for January 10th 2011, but no hearing has been set by the Court.  Plaintiff subsequently filed two motions – a motion "Requesting Hearing Set/Case Coordinator" [doc.#8] and a "Motion for Complaint, Civil Lawsuit Testify Subpoenas, Hearing set for January 18th 2011 to Produce Records" [doc.#9] – in which plaintiff requests a hearing date of January 18, 2011.  The Court denies plaintiff's request to set a hearing on the date requested.

of counsel [doc.#3], his motion for order to serve subpoenas and to produce records [doc.#5], his motion "Requesting Hearing Set/Case Coordinator" [doc.#8], and his "Motion for Complaint, Civil Lawsuit Testify Subpoenas, Hearing set for January 18th 2011 to Produce Records" [doc.#9], be denied and this action dismissed.  *See, e.g., Friends of Lake View Sch. Dist. No. 25 v. Beebe*, 578 F.3d 753, 760 (8th Cir. 2009 (issue preclusion bars the relitigation of issues of law or fact actually litigated by the parties in the first suit); *Knutson v. City of Fargo*, 600 F.3d 992, 996 (8th Cir. 2010) (under claim preclusion, also called res judicata, a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action).[2]

IT IS SO ORDERED this 12th day of January 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[2] Many of the same documents attached to plaintiff's complaint were included in plaintiff's previous actions. Although the Texas Lottery Commission was not specifically named as a defendant in plaintiff's previous actions, plaintiff does not suggest a basis for jurisdiction over this defendant.